The plaintiff declared for the price of forty-one boxes of manufactured tobacco, sold to defendants as partners. The pleas were, General issue — Payment and set-off. There was evidence, by the testimony of plaintiff, tending to show that on the 14th day of September, William A. Moore, one of the defendants, agreed with the plaintiff, to purchase fifty-one boxes of manufactured tobacco of different qualities, at stipulated prices — forty five boxes of which were to be delivered the next Monday, and the other six boxes to be delivered in a short time. The tobacco was to be duly branded and stamped, and the United States Revenue duly paid, and the proper permits, required by the officers of the United States, were to be furnished by plaintiff. The defendants were to pay $500 in thirty days, and the balance as soon as the tobacco could be sent off and sold.
On the day fixed, the defendants sent for the tobacco, — the plaintiff was not at home, but thirty — four boxes were delivered. A few days afterwards eleven boxes more were delivered (513) to defendants. The six boxes were never delivered, but were ready in two weeks. The tobacco was branded, and stamped,Tax paid, by a duly appointed inspector, but in fact, the taxes on the tobacco were not paid. One Job Worth, a deputy collector, took from the plaintiff, a bond for the payment of the taxes, to which the defendants were sureties, and the taxes were paid, a part in thirty days, and the balance in nine or twelve months afterwards. No permits authorizing the removal of the tobacco from the Factory, were furnished with the tobacco by the plaintiff. A part of the tobacco was afterwards seized in Macon, Ga., by one McBerny, a collector of United States Revenue. The grounds of seizure were not in evidence. Defendants told plaintiff the tobacco had been seized, and proposed, if plaintiff would go to Greensboro' and get the matter arranged so that the tobacco seized should be given up to them, they would pay in ten days for all that had not been seized, and in thirty days for all of it. Plaintiff went to Greensboro', but the tobacco was not released.
It was in evidence, by one John Worth, who was an Assistant Assessor of the United States Internal Revenue; that he was present when the thirty-four boxes of tobacco were delivered; that the manager of the plaintiff's factory was unwilling to let the tobacco go without the permits. He, witness, told him it would be all right. The *Page 402 
tobacco was then delivered to one C. W. Lewis. At the plaintiff's request, Worth, some days after the defendants had received the thirty-four boxes of tobacco, furnished the defendants with the permits for removing the tobacco, in the usual form, except there was no collector's seal; and he, the witness, signed the name "John Crane, by Job Worth deputy. "
The defendants asked the Court to charge the jury, that the plaintiff must comply with his part of the contract before he could call upon the defendants to comply with theirs, and that unless (514) the plaintiff had satisfied the jury that plaintiff had delivered the tobacco, duly stamped, branded and the United States Revenue duly paid, accompanied with the proper permits, he was not entitled to recover.
The Court declined so to charge, but said, if the defendants received the tobacco, knowing the tax had not been paid, they would be liable.
The defendants asked the Court to charge the jury, that if the taxes had not been paid as required by law, before the removal of the tobacco from the factory, the selling and removing was in violation of law, and that, although defendants knew that the taxes had not been paid, the plaintiff could not recover. The Court refused, and charged the jury, — I take the law to be that the taxes must be paid before the tobacco is removed from the factory, and that it is against the law to remove it until paid, yet the plaintiff is entitled to recover.
Defendants asked the Court to charge, that if the tobacco was removed without the permits to remove required by law and the Treasury department, plaintiff would not be entitled to recover. The Court declined to do so. And charged the jury, that it made no difference, the plaintiff was entitled to recover; that the Court would assume that the law required the permits as insisted upon by the defendants, but that the defendants had received them — they had judged whether they were all right, and that the defendants should have the benefit of that point. Verdict and Judgment for the plaintiff. Defendants appealed.
If, by the terms of the contract, there was anything to be done by the plaintiff to the tobacco to facilitate its (515) sale, which was not done, it was optional with the defendants whether they would receive it; and refusing to receive it, they *Page 403 
might have had redress against the plaintiff for a breach of the contract. But having received it with the full knowledge of its condition, and of all that was wanting, if anything was wanting, of compliance with the contract, the defendants cannot refuse to pay the price agreed on.
The defendants allege that the failure to pay the tax, and the giving a bond therefor, and the removal of the tobacco from the factory without the proper permits, was a fraud upon the government of the United States; and that, therefore, the plaintiff cannot recover. If it was an intentional fraud upon the United States, however ungracious it might be in the defendants to allege it, — they being parties to it — we would, as we said in Haight v. Grist, post 739, gravely consider whether we would enforce the contract. But it is not alleged in the pleadings, and does not appear in fact, that the plaintiff intended to defraud the United States. It is true that he did not pay the tax to the officer at the time, but he gave him a good bond therefor, and subsequently paid it. It is true also, that he did not furnish the "permits" at the time of delivery; but that was because he could not, and he objected to delivering the tobacco until he could do so, but the defendants insisted upon receiving it, and the United States officer sanctioned the delivery, and promised to furnish, and did furnish, the permits.
There may have been some irregularity in this liberal dealing by the Government officer with the plaintiff, but it seems to have been without a fraudulent purpose, and the defendants can take no advantage from it.
There is no error.
Per curiam.
Judgment affirmed.
Cited: Davis v. Evans, 133 N.C. 321.
(516)